**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

BRIAN W. BOWLES,                )
                                )
        Plaintiff,         )
                                )
v.                              ) Case No. CIV-15-191-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
        Defendant.         )

## **OPINION AND ORDER**

This matter comes before the Court on Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23). By Order entered April 4, 2016, this Court reversed the decision of the Commissioner to deny Claimant's applications for Social Security benefits and remanded the case for further proceedings on the Motion of the Commissioner.

In the Motion, Claimant seeks attorney's fees for 30.00 hours of time expended by his attorney at the stipulated fee rate for a total request of $5,700.00 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending the requested fees are unreasonable. Because Claimant was required to file a reply to respond to the Commissioner's objection, he filed a Supplemental Motion for Attorney Fees to include $760.00 to research and prepare the reply brief. The Commissioner opposed the Supplemental Motion.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the

position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). In this case, the Commissioner argues that Claimant's request for fees is unreasonable in light of the mundane arguments made in the opening brief before the Commissioner sought remand. The Commissioner also points out that the medical record was limited. She requests that Claimant be limited to no more than 20 hours for a fee of $3,800.00.

The Commissioner's argument requires a level of micromanagement over the manner in which Claimant's counsel expended time to prepare the opening brief in this case. The reduction urged by the Commissioner is based solely upon an arbitrary and subjective measurement for a typical Social Security appeal. Claimant's request is not so excessive from the norm as to be patently unreasonable. A review of the time and expense records submitted by counsel does not reveal any excessive expenditure of time. The request for a supplemental fee for the preparation of the reply is also found to be reasonable.

IT IS THEREFORE ORDERED that Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Claimant's Supplemental Motion for Attorney Fees (Docket Entry #26) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $6,460.00.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing

party and not directly to Claimant's counsel. <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 21st day of November, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE